UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EDMUNDO BARCENA,<br><br>Plaintiff,<br><br>v.<br><br>TAYLORSVILLE CITY POLICE DEPARTMENT; SCOTT LLOYD; ANDREW KYLE; and JEFFERY TROY WATTERS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:24-cv-00592<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Edmundo Barcena filed this action without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. Barcena's motion to proceed without paying the fee and stayed the case for screening.[2]  As explained below, because Mr. Barcena's complaint fails to state a plausible claim for relief, Mr. Barcena is permitted to file an amended complaint by **December 11, 2024**.  The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. for Leave to Proceed Without Paying the Filing Fee, Doc. No. 2.)

[2] (*See* Order Temporarily Granting Mot. to Proceed Without Paying the Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[3] (Doc. No. 2.)

LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must

dismiss the case if it determines the complaint "fails to state a claim on which relief may

be granted."[4]  In making this determination, the court uses the standard for analyzing a

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of

Civil Procedure.[5]  To avoid dismissal under Rule 12(b)(6), a complaint must allege

"enough facts to state a claim to relief that is plausible on its face."[6]  The court accepts

well-pleaded factual allegations as true and views the allegations in the light most

favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7]  But

the court need not accept a plaintiff's conclusory allegations as true.[8]  "[A] plaintiff must

offer specific factual allegations to support each claim."[9]  This court also has an

"independent obligation to determine whether subject-matter jurisdiction exists, even in

the absence of a challenge from any party."[10]

Because Mr. Barcena proceeds without an attorney (pro se), his filings are

liberally construed and held "to a less stringent standard than formal pleadings drafted

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

by lawyers."[11]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

<u>MR. BARCENA'S COMPLAINT</u>

Mr. Barcena filed a form civil rights complaint, a two-page attachment entitled "Factual Allegations," and an exhibit Mr. Barcena refers to as "Infraction."[16]  Because Mr. Barcena's pleadings are liberally construed, and attachments to a complaint may be

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[16] (*See* Compl., Doc. No. 1 at 7 (discussing a disorderly conduct charge, and citing "Attached Infraction, as Exhibit #1"); *see also* Ex. A to Compl., "Infraction," Doc. No. 1-1.)  The exhibit appears to be a criminal citation for disorderly conduct issued to Mr. Barcena by the Taylorsville City Police Department.  (*See* Infraction, Doc. No. 1-1.)

considered in determining whether it states a plausible claim for relief,[17] all these documents are considered in evaluating the sufficiency of Mr. Barcena's claims.

Mr. Barcena brought this action against the Taylorsville City Police Department, Scott Lloyd, Andrew Kyle, and Jeffery Troy Watters.[18]  Mr. Barcena checked boxes on the form civil rights complaint indicating he is bringing claims under 42 U.S.C. § 1983, alleging deprivation of the following rights: "Equal protection, Due process of law, 14th Amendment, Discrimination, Retaliation, Malicious Prosecution, Among others."[19]

Mr. Barcena alleges that on August 16, 2022, he "was initially charged with one infraction of disorderly conduct, but this charge was maliciously increased to eight disorderly conduct infractions without any prior notice or explanation."[20]  Mr. Barcena also alleges he provided security camera videos to the prosecutor team and the state court judge proving detective Andrew Kyle made false statements on a police report regarding the underlying incident.[21]  Mr. Barcena also states this security footage shows Mr. Kyle disregarded Mr. Barcena's complaint that the windshields on two of Mr. Barcena's vehicles had recently been vandalized.[22]  Mr. Barcena further states the

---

[17] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

[18] (*See* Compl., Doc. No. 1.)

[19] (*Id.* at 3.)  Mr. Barcena also states Defendants conspired to deprive him of his "rights, privileges and immunities protected by [] Title 18 Section 242 &[] 241."  (*Id.* at 7.)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.* at 8.)

security footage proves "Sonia's Ordonez warned [ ] Detective Andrew [Kyle] was committing discrimination."[23]

Mr. Barcena argues these allegations demonstrate he was indicted on an discriminatory basis "in order to cover up [ ] Jeffery Troy Watters['] unlawful conduct, this in virtue of the stalking injunction order restrictions issued against Mr. Watters."[24] While it is unclear what role Mr. Watters played in the underlying incident, Mr. Barcena argues security camera footage shows Mr. Barcena "did not confront [Mr. Watters] verbally."[25]  Mr. Barcena also states "[i]t is important to note that the Honorable Municipal Judge emphasized that Watters deserved charges for provoking me (with racial insults) while I was hand-watering my garden."[26]

Mr. Barcena also alleges that while he was driving to a bank in January 2024, Detective Kyle stopped Mr. Barcena's vehicle "without legal merit" and threatened to indict him again.[27]  Mr. Barcena further alleges "a police black pick-up made [Mr. Barcena] feel intimidated" in August 2024 when an unidentified police officer "parked his black pickup in wrong way two blocks away and he apparently was video recording [Mr. Barcena's] activities."[28]

---

[23] (*Id.*)

[24] (*Id.* at 7.)

[25] (*Id.*)

[26] (*Id.* at 8.)

[27] (*Id.*)

[28] (*Id.*)

Mr. Barcena argues Defendants' actions caused him to suffer "damages, including emotional distress, reputational harm, and financial losses."[29]  Mr. Barcena seeks "compensatory damages for the harm suffered, including emotional distress and reputation damage," "punitive damages to deter Defendants and others from engaging in similar unlawful conduct," "a permanent injunction to prevent future violations of Plaintiff's rights," and "reasonable attorney's fees, costs, and expenses incurred in bringing this action."[30]

<u>ANALYSIS</u>

As explained below, because Mr. Barcena fails to state a claim over which this court has jurisdiction, he will be given an opportunity to amend his complaint.

**I.      Allegations relating to state criminal proceedings**

Mr. Barcena's complaint primarily consists of allegations which appear to relate to state court criminal proceedings against him.[31]  Although the procedural posture of Mr. Barcena's criminal case is unclear, this court lacks jurisdiction over claims challenging state court proceedings under the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing).

Under the *Rooker-Feldman* doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court

---

[29] (*Id.* at 5.)

[30] (*Id.*)

[31] (*See id.* at 7–8 (alleging the state prosecutors and state court judge ignored videos proving Detective Kyle made false statements on his police report and indicted Mr. Barcena on a discriminatory basis).)

judgments."[32]  Thus, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court."[33]  Accordingly, the court lacks jurisdiction over Mr. Barcena's claims to the extent he seeks to challenge state court proceedings.  The state appellate process is the proper forum for Mr. Barcena to raise procedural or constitutional challenges to the state-court proceedings and to request review of any judgments or orders in those proceedings.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[34]

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[35]

---

[32] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

[33] *Id.*

[34] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

[35] *Id.* (internal quotation marks omitted).

State criminal proceedings involve state law and important state interests,[36] and state trial and appellate courts provide an adequate forum for Mr. Barcena's claim that his constitutional rights are being violated in those proceedings.  To the extent Mr. Barcena seeks to challenge ongoing state criminal proceedings, this court must abstain from exercising jurisdiction over those proceedings.  In sum, regardless of whether the state criminal proceedings Mr. Barcena seeks to challenge are ongoing or completed, this court lacks jurisdiction over any challenge to those proceedings.

## II.    Other allegations

Mr. Barcena also purports to bring a malicious prosecution claim.[37]  A malicious prosecution claim brought under 42 U.S.C. § 1983 includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) *the original action terminated in favor of the plaintiff*; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages."[38]  Mr. Barcena fails to allege facts showing the second element is met: he does not identify the outcome of the underlying criminal case.  Because he

---

[36] The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).

[37] (*See* Compl. Doc. No. 1 at 1 (stating Mr. Barcena is bringing a claim under 42 U.S.C. § 1983 for "Malicious Prosecution"); *see also id.* at 7 (alleging Mr. Barcena "was initially charged with one infraction of disorderly conduct, but this charge was maliciously increased to eight disorderly conduct infractions without any prior notice or explanation").)

[38] *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis in original).

does not allege the criminal case terminated in his favor, Mr. Barcena fails to state a claim for malicious prosecution.

Mr. Barcena also purports to bring claims against Defendants under federal criminal statutes for conspiracy against civil rights.[39]  But these criminal statutes "cannot be enforced in a private civil action."[40]  Therefore, Mr. Barcena lacks standing "to assert that a party has violated criminal laws, or to seek criminal prosecution."[41]  And Mr. Barcena cannot recover civil damages for the defendants' alleged violation of a criminal statute.[42]  To the extent Ms. Barcena is attempting to state a claim under 42 U.S.C. § 1985—which provides a civil cause of action for certain conspiracies to interfere with civil rights[43]—he fails.  To assert a § 1985 claim, facts supporting a conspiracy must be alleged.[44]  To state a valid claim for conspiracy, "a plaintiff must allege specific facts

---

[39] (*See* Compl., Doc. No. 1 at 7 (alleging Defendants "conspir[ed] to deprive me of my rights, privileges and immunities protected by the Title 18 Section 242 & 241").  Mr. Barcena appears to be referring to 18 U.S.C. §§ 241 and 242.

[40] *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

[41] *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (holding private individuals cannot compel enforcement of criminal laws); *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (unpublished) (providing 42 U.S.C. § 1983 does not permit a plaintiff to pursue violations of criminal statutes).

[42] *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

[43] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[44] *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).

showing an agreement and concerted action amongst the defendants."[45]  Mr. Barcena

fails to allege specific facts showing an agreement or concerted action among the

defendants.  His conclusory allegations that his rights were violated by Detective Kyle

are insufficient.

      Mr. Barcena also alleges his indictment was "racially motivated."[46]  The Equal

Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the

law based on considerations such as race."[47]  To assert such a claim, Mr. Barcena must

allege the defendants' enforcement of the law had a discriminatory effect, including that

similarly situated individuals of a different race were treated differently by law

enforcement.[48]  Mr. Barcena must also allege the selective enforcement was motivated

by a discriminatory purpose.[49]  While Mr. Barcena asserts his indictment was "racially

motivated,"[50] he does not provide any factual basis for inferring racial motivation or

differential treatment of similarly situated individuals of another race.[51]  Accordingly, Mr.

Barcena fails to state a selective enforcement claim.

---

[45] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

[46] (Compl., Doc. No. 1 at 7.)

[47] *Whren v. United States*, 517 U.S. 806, 813 (1996).

[48] *United States v. Armstrong*, 517 U.S. 456, 465 (1996).

[49] *Id.*

[50] (*See* Compl., Doc. No. 1 at 7.)

[51] *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) ("Conclusory allegations are not sufficient to state a constitutional violation.").

Mr. Barcena also alleges that in January 2024, Detective Kyle stopped Mr. Barcena's vehicle "without legal merit" and threatened to indict him again.[52]  While a traffic stop may violate the Fourth Amendment if the officer lacks at least reasonable suspicion that a crime has occurred or is occurring,[53] Mr. Barcena's assertion that Detective Kyle initiated the stop "without legal merit" is "a legal conclusion couched as a factual allegation."[54]  A plaintiff does not satisfy pleading standards "by making an unsupported assertion that probable cause is lacking."[55]  Accordingly, Mr. Barcena's vague and conclusory allegations regarding the traffic stop fail to state Fourth Amendment claim.  To adequately state a claim, Mr. Barcena would need to outline specific facts supporting an assertion that Detective Kyle stopped him unlawfully and without sufficient cause.

---

[52] (Compl., Doc. No. 1 at 8.)

[53] *See United States v. Carrizales-Toledo*, 454 F.3d 1142, 1147 (10th Cir. 2006)

[54] *Rogers v. Blickensdorf*, No. 14-cv-13192, 2015 U.S. Dist. LEXIS 115028, at *5 (E.D. Mich. Aug. 31, 2015) (unpublished); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that while courts must accept factual allegations as true when evaluating whether a complaint states a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[55] *Rogers*, 2015 U.S. Dist. LEXIS 115028 at *4–5 ("A statement that Defendant had 'no reason' to initiate the traffic stop is simply a conclusory recitation of a necessary element for recovery under § 1983 . . . ."); *see also, e.g.*, *Bogasky v. Unknown Party*, No. 1:24-cv-980, 2024 U.S. Dist. LEXIS 206167, at *7 (W.D. Mich. Oct. 22, 2024) (unpublished) ("Plaintiff's allegations that Deputy 1 pulled him over and seized his vehicle on 'suspicion' and 'without probable cause' are merely legal conclusions devoid of facts that do not give rise to a plausible constitutional violation."); *Jones v. Valdez*, No. 1:22-cv-0176, 2023 U.S. Dist. LEXIS 240423, at *10 (D. Colo. Mar. 31, 2023) (unpublished) (holding that "[w]ithout additional factual allegations, [the plaintiff] has failed to plausibly allege a Fourth Amendment claim based on the initial traffic stop").

Mr. Barcena also alleges an unidentified police officer made him "feel intimidated" when the officer parked his truck "in wrong way two blocks away and he apparently was video recording [Mr. Barcena's] activities."[56]  But Mr. Barcena neither identifies what right the officer violated nor provides any factual support for any potential claim relating to this allegation.[57]  These bare factual allegations fail to state a claim.

For these reasons, the complaint is subject to dismissal.[58]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[59]  Accordingly, Mr. Barcena is given an opportunity to amend his complaint.

<u>CONCLUSION</u>

1.      Mr. Barcena may file an amended complaint by **December 11, 2024**.  The words "Amended Complaint" should appear in the caption of the document.

2.      Mr. Barcena is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[60]

---

[56] (*See* Compl., Doc. No. 1 at 8.)

[57] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[58] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[59] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[60] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the

3.      Once filed, the court will screen the amended complaint under 28 U.S.C.

§ 1915(e) and Rule DUCivR 3-2(b) of the Local Rules of Civil Practice.[61]

4.      Other than an amended complaint, the restriction on filing other

documents set forth in the court's August 20, 2024 order[62] remains in place.

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 20th day of November, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[61] *See* DUCivR 3-2(b), available at
https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf
[https://perma.cc/YJY4-VSML].

[62] (Doc. No. 4.)